[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action are Constance Pappas (hereinafter referred to as Pappas) and Andrew Kass (hereinafter referred to as Kass). The defendant in this action is Quality Associates, Inc., a Connecticut Corporation (hereinafter referred to as Quality).
The plaintiffs, who are married to each other, are the owners of the property located at 67 Tawney Drive, Bethany, Connecticut. In 1985 the plaintiffs were building a new home at the aforementioned address. In April 1985 the plaintiffs entered into a contract with the defendant whereby the defendant would provide the plumbing and heating for said house. (Exhibit A). The main issue in this matter concerns the furnace and air conditioning in said home.
The plaintiff Pappas and Stephen Russo, an owner of Quality, testified that the plaintiffs wanted a Yukon Husky Furnace which had three zones and which could be fueled by wood, coal and/or oil and which would allow for air conditioning to be added to the system in the future. Pappas had a friend who had such a furnace and she wanted the same. Mr. Russo testified that he tried to convince Pappas to use a conventional furnace but to no avail, because the Yukon Husky Furnace required a lot of maintenance. The defendant installed the Yukon Husky Furnace that the plaintiffs wanted in 1985. That same year the plaintiff Pappas went to the "Big E" Exposition and talked with a representative of Yukon Husky Furnace and learned that that company did not recommend a three-zoned heating system with the type of furnace the plaintiff had put in their new home. Pappas then told Mr. Russo about this, who then confirmed it during a call to the Yukon representative. Mr. Russo testified that nowhere in the Yukon CT Page 2260 Husky Furnace brochures did it state that a three-zoned heating system should not be used with this system. As a result Quality removed the zone chambers on this furnace on October 17, 1985 and the system thus became a one-zoned heating system. Further, as a result, the defendant reduced their bill due from the plaintiffs by $650.00 since it was now only a one-zoned system.
In September 1985, the plaintiffs advised the defendant that they wanted air conditioning installed into their home. The defendant then installed a larger blower motor to the furnace to accommodate the air conditioning system as per the contract between the parties.
The plaintiffs had various complaints against the defendant. Pappas testified that the hot and cold faucets were reversed on one of the bathtubs, that the kitchen sink sprayer did not work, and that the dishwasher drained right into the garbage disposal causing a back-flooding of same into the kitchen sink when the dishwasher was in operation. The latter problem has not been rectified but the faucet reversal and sprayer problems have been corrected by the plaintiffs. Also Pappas testified that the heat and air conditioning did not reach the whole house area.
The plaintiff Pappas testified that when she turned on the air conditioner the first time, the basement became flooded. She could not reach Quality as all their workers were at other job sites, so she called another firm and they came and rectified the problem, which was an incorrect installation of a pan. She then turned on the air conditioner and the cellar flooded again. This time she testified it was due to a plugged up pipe in the system. Again she called someone other than Quality when their employees were not immediately available to repair this problem. She testified she was concerned for safety reasons and that is why she did not wait for Quality to come and repair the problem. The plaintiff Pappas then testified that the air conditioner kept freezing up after use. Thus, she said, the plaintiff did not use the air conditioner until a new furnace was installed as hereinafter set forth. She did not call Quality about this, she testified, because she had lost all faith in them. The plaintiffs called Ralph Mann Associates and subsequently installed a new furnace in 1987 or 1988. The plaintiffs were not sure just when this new furnace was installed. This new furnace was an oil burning, hot air furnace. The plaintiffs testified that the original furnace's fan was not large enough to force cold air through the whole house and that said fan was the largest fan that particular furnace could use. They stated that the new furnace corrected all of their heating and air conditioning problems.
The plaintiff Pappas also testified that the defendant incorrectly installed a chimney pipe which resulted in the CT Page 2261 narrowing of a stairwell. Mr. Russo stated that the chimney pipe was installed by another contractor, Russell Smith, and that Mr. Smith returned to the plaintiffs' home and rectified the problem. This problem was pointed out by a Bethany building official. Russo said all Quality did was disconnect the pipe running from the furnace to the chimney and then reconnected it when the problem was repaired.
The plaintiffs also claim that Quality installed the humidifier on the furnace's cold air return line and that it should have been installed on the hot air line, which was subsequently done by Ralph Mann Associates.
Mr. Kass testified that three months ago the plaintiffs installed three-zoned heating again in their home.
Stephen Russo of Quality testified that a plastic tubing melted on the humidifier his company installed with the plaintiffs' system. This tubing was replaced by Quality with copper tubing. He stated that the plaintiffs paid Quality in full in 1986 and that Quality did not hear from them again until this suit was commenced in 1989.
The plaintiffs are claiming damages of $3497.00 for the new furnace installed by Ralph Mann Associates, and for $2100.00 which it cost them to reinstall the three-zoned heat system. These sums total $5597.00.
After hearing the evidence, the court finds the issues for the defendant on each count in the Amended Complaint. The plaintiffs did not sustain their burden of proof on any of said counts.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, JUDGE